This matter have been duly presented pursuant to Rule 1:20-10(b), following a granting of a motion for discipline by consent in DRB 18-374 of Charles H. Lee of Fort Lee, who was admitted to the bar of this State in 1990;
And the Office of Attorney Ethics and respondent having signed a stipulation of discipline by consent in which it was agreed that respondent violated RPC 1.5(a) (unreasonable fee), RPC 1.5(c) (improper contingent fee), RPC 1.7(a)(2) (conflict of interest), RPC 1.15(a)(commingling), RPC 1.15(d) and Rule 1:21-6 (recordkeeping violations), RPC 5.5(a)(1) (practicing law while ineligible), RPC 7.5(c) (improper law firm name), RPC 7.5(d) (improper law partnership), RPC 8.1(b) (failure to cooperate with disciplinary authorities), and RPC 8.4(c) (conduct involving dishonesty, fraud, deceit or misrepresentation);
And the parties having agreed that respondent's conduct violated RPC 1.5(a), RPC 1.5(c), RPC 1.7(a)(2), RPC 1.8(a), RPC 1.15(a), RPC 1.15(d), RPC 5.5(a), RPC 7.5(c), RPC 7.5(d), RPC 8.1(b), RPC 8.4(c) and Rule 1:21-6, and that said conduct warrants a three-month suspension from practice;
And the Disciplinary Review Board having determined that a three-month suspension from practice is the appropriate discipline for respondent's unethical conduct and having granted the motion for discipline by consent in District Docket No. XIV-2018-0196E;
And the Disciplinary Review Board having further determined that as a condition of reinstatement, respondent should be required to furnish to the Office of Attorney Ethics the following **438 records preceding the term of suspension: 1) monthly three-way reconciliations of respondent's attorney accounts, 2) client ledger cards, and 3) trust and business account receipts and disbursement journals;
And the Disciplinary Review Board having submitted the record of the proceedings to the Clerk of the Supreme Court for the entry of an order of discipline in accordance with Rule 1:20-16(e);
And respondent having been administratively ineligible to practice law by Order of the Supreme Court since October 30, 2017 (CLE noncompliance);
And good cause appearing;
It is ORDERED that Charles H. Lee of Fort Lee is hereby suspended from the practice of law for a period of three months, effective May 6, 2019, and until *350 the further Order of the Court; and it is further
ORDERED that respondent shall provide to the Office of Attorney Ethics the following records for the six-month period prior to the Order of administrative ineligibility: 1) monthly three-way reconciliations of his attorney accounts, 2) client ledger cards, and 3) trust and business account receipts and disbursement journals; and it is further
ORDERED that respondent comply with Rule 1:20-20 dealing with suspended attorneys; and it is further
ORDERED that pursuant to Rule 1:20-20(c), respondent's failure to comply with the Affidavit of Compliance requirement of Rule 1:20-20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of RPC 8.1(b) and RPC 8.4(d) ; and (3) provide a basis for an action for contempt pursuant to Rule 1:10-2; and it is further **439 ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further
ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in Rule 1:20-17.